UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                                                             Case No. 21-20046

      **Plaintiff,**

                                                             Hon. Denise Page Hood

v.

**JERELL LEVEINE WHITMAN-CRUTCHER, II (D2),**

      **Defendant.**

_____/

**ORDER DENYING MOTION FOR REVOCATION
OF DETENTION ORDER**

**I.    BACKGROUND**

On January 27, 2021, a grand jury indicted Jerell Whitman-Crutcher, II, along with Co-Defendant Frederick Lee Rodgers. Whitman-Crutcher is charged in two counts in the Indictment: Possession with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, Aiding and Abetting, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(I) and 18 U.S.C. § 2 (Count Two) and Possession with Intent to Distribute 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, Aiding and Abetting, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(I) and 18 U.S.C. § 2 (Count Four). A detention hearing was conducted on January 19 and continued to January 21, 2021. The Magistrate Judge ordered detention based on the findings that there is probable cause to believe that

Whitman-Crutcher committed "an offense for which a maximum term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904)" and that he had not rebutted the presumption that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." (See ECF No. 16, PageID 33; Order of Detention Pending Trial). For the reasons set forth below, the Court finds that Whitman-Crutcher has not rebutted the presumption that he be detained.

## II. ANALYSIS

### A. The Magistrate Judge's Order of Detention

The Magistrate Judge ordered detention based on the findings that there is probable cause to believe that Whitman-Crutcher committed "an offense for which a maximum term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904)" and that he had not rebutted the presumption that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." (See ECF No. 16, PageID.33; Order of Detention Pending Trial). In addition to the findings made on the record at the hearing, the Magistrate Judge set forth the reasons for detention in an order:

   1. that the weight of the evidence against defendant is strong;

      2.     that defendant's prior criminal history includes, inter alia, a federal conviction;
      3.     for possession with intent to distribute methamphetamine, a state felony non sufficient funds check conviction, two state gun convictions and a pending state of Missouri burglary charge;
      4.     that defendant's participation in the instant criminal activity occurred while he was on court-supervision;
      5.     that the defendant's record reflects the failure to appear in court as ordered;
      6.     that the defendant's record reflects prior attempt(s) to evade law enforcement;
      7.     that the defendant's record reflects prior violations of probation, parole or supervised release.

See ECF No. 16, PageID 33-34; Order of Detention Pending Trial).

Whitman-Crutcher argues that the Magistrate Judge's findings were in error. Whitman-Crutcher does not dispute his reported criminal history. However, he points out that he has made tremendous strides to set his life on the right track. Before the instant pretrial detention, he worked restoring cars. In fact, his Probation Officer met William-Crutcher at his job site a few times and took pictures of the titles of the automobiles that he was working on. Whitman-Crutcher also worked at Power Moving Company, moving furniture, among other duties.

Whitman-Crutcher claims he did not participate in the instant criminal activity while on court supervision. Whitman-Crutcher's sealed proffer indicates that he was not the one initially arrested for the underlying crime since he was not in possession of the drugs at issue. Based on this proffer, he claims he has overcome the

presumption of detention and that he should be released on bond pending trial.

He also claims that he has appeared in court and has not evaded law enforcement, therefore Whitman-Crutcher claims the Magistrate Judge's findings were in error.

### B. 18 U.S.C. § 3142(g) Factors

A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

This matter is a rebuttable presumption of detention case under § 3142(e)(3)(A) where the offense for which a maximum term of imprisonment of ten years or more

4

is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. The presumption in favor of detention imposes a burden of production of "some evidence" on the defendant that he does not pose a danger to the community or a risk of flight. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010).

The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

Based on the proffered evidence:

(1) As to the nature and circumstances of the offenses charged in the Indictment, Whitman-Crutcher was charged with Possession with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, Aiding and Abetting, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(I) and 18 U.S.C. § 2 (Count Two) and Possession with Intent to Distribute 400 grams or more of a mixture or substance containing a detectable amount of Fentanyl, Aiding and Abetting, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(I) and 18 U.S.C. § 2 (Count Four). Both counts carry minimum sentences of 10 years and up to life imprisonment. The charges are serious.

(2) The weight of the evidence against the person–the Indictment establishes probable cause for the offenses charged. *Hazime,* 762 F.2d at 37. At this juncture, there is sufficient evidence at this time based on the Indictment.

(3) The history and characteristics of the person–Whitman-Crutcher does not dispute his criminal history, including violations of his probation and failure to contact his probation officer on his federal charge, including conflicting addresses which he claims were mis-communications. Although it appears that he has strong family ties and may be able to maintain employment if released, based on his criminal history and not being able to maintain contact with his probation officer, this indicates to the Court that Whitman-Crutcher may not be able to abide with any pretrial supervision if released.

(4) The nature and seriousness of the danger posed by the person's release–the charges alleged involve controlled substances of fentanyl and methamphetamine. The risk that Whitman-Crutcher may continue to possess and distribute these two substances places the community in serious danger because the sale of drugs establishes significant danger to the community. *United States v. Flowers*, No. 3:05-CR-72, 2005 WL 1981364, at *4 (E.D. Tenn. Aug. 17, 2005); *United States v. Smith*, No. 3:21-cr-00020, 2021 WL 5997354 at *7 (E.D. Ky. Dec. 20, 2021). The

allegations in the Indictment are serious involving substantial amounts of fentanyl and methamphetamine. Whitman-Crutcher poses a serious danger to the community based on these allegations of possessing and distributing these substances.

(5) As to risk of flight–although Whitman-Crutcher disputes some of the facts set forth in the Pretrial Report regarding non-appearances or various "miscommunications" with his Probation Officer, the Court finds that in light of the mandatory minimum sentences in this case, his history of travel outside the State of Michigan, and his previous convictions, Whitman-Crutcher is a serious flight risk.

5) Summary: Weighing the factors noted above, and based on the allegations in the Indictment, the Government's argument and offered proof, and the Pretrial Services Report, the Court finds that Whitman-Crutcher is a serious risk of flight and a danger to the community. Whitman-Crutcher's offer of proof that he will not be a risk of flight is insufficient to rebut the presumption of detention. The Court denies Whitman-Crutcher's Motion for Revocation of Detention Order.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant Jerell Whitman-Crutcher's Motion for

Revocation of Detention Order (ECF No. 33) is DENIED.

s/Denise Page Hood<br>United States District Judge

Dated: August 3, 2022