United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff,

            Hon. Denise Page Hood

v.

            Case No. 21-cr-20046

D-2 Jerell Leveine Whitman-Crutcher II,

   Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Jerell Leveine Whitman-Crutcher II, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Counts of Conviction

The defendant has waived his right to an indictment and will plead guilty to Count 1 and Count 2 of the Second Superseding Information. Count 1 charges the defendant with attempted possession with intent to distribute a controlled substance (fentanyl, at least 400 grams) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846. Count 2 charges the defendant with attempted possession with intent to distribute a



controlled substance (methamphetamine, at least 50 grams) under 21

U.S.C. §§ 841(a)(1) and (b)(1)(A), 846.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is

pleading guilty carry the following minimum and maximum statutory

penalties:

| Count 1 | Term of imprisonment: | At least 10 years and up to life |
| | Fine: | Up to $10,000,000 |
| | Term of supervised release: | At least 5 years, up to life |
| Count 2 | Term of imprisonment: | At least 10 years and up to life |
| | Fine: | Up to $10,000,000 |
| | Term of supervised release: | At least 5 years, up to life |

The defendant further understands that the Court has the

discretion to run the sentences of imprisonment on the counts of

conviction consecutively to each other.

The defendant understands that Counts 1 and 2 require a

mandatory minimum sentence of 120 months' imprisonment and that

the Court may not impose a sentence on those counts below the

mandatory minimum.

**3.     Agreement to Forgo or Withdraw § 851 Information Requiring Enhanced Penalties**

The defendant acknowledges that he has at least one prior

conviction that may subject him to enhanced statutory penalties under

the Controlled Substances Act. As part of this plea agreement, the

government agrees that it will not file an information under 21 U.S.C.

§ 851 and that it will withdraw any information under 21 U.S.C. § 851

that has already been filed.

**4.     Elements of Counts of Conviction**

The elements of Count 1 are:

(1)The defendant intended to commit the crime of possessing

with intent to distribute a controlled substance in violation

of 21 U.S.C. § 841(a)(1), whose elements are as follows:

a. The defendant knowingly possessed 400 grams or more

of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl]propanamide, commonly known as

fentanyl.

    b. The defendant intended to distribute the N-phenyl-N-

       [1-(2-phenylethyl)-4-piperidinyl]propanamide,

       commonly known as fentanyl.

(2) The defendant did some overt act that was a substantial step

   towards committing the crime of possessing with intent to

   distribute a controlled substance in violation of 21 U.S.C.

   § 841(a)(1).

The elements of Count 2 are:

(1) The defendant intended to commit the crime of possessing

   with intent to distribute a controlled substance in violation

   of 21 U.S.C. § 841(a)(1), whose elements are as follows:

    a. The defendant knowingly possessed 50 grams or more

       of methamphetamine.

    b. The defendant intended to distribute the

       methamphetamine.

(2) The defendant did some overt act that was a substantial step

   towards committing the crime of possessing with intent to

   distribute a controlled substance in violation of 21 U.S.C.

   § 841(a)(1).

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

On January 8, 2021, Defendant Jerell Leveine Whitman-Crutcher II attempted to knowingly possess with intent to distribute approximately 3,890 grams of 96 +/- 3% d-methamphetamine hydrochloride (also known as "Ice") and 992.3 grams of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (commonly known as fentanyl). Whitman-Crutcher II knew that the substances he attempted to possess were controlled substances, and he intended to distribute those controlled substances. Whitman-Crutcher II did some overt act that was a substantial step towards committing the crime of possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

Specifically, on January 8, 2021, Whitman-Crutcher II and co-defendant Frederick Lee Rodgers attempted to retrieve a package that had been intercepted and found to contain approximately 3,890 grams



of "Ice" methamphetamine and 992.3 grams of a mixture or substance containing fentanyl. These drugs had been mailed from Rodgers's home state of Arizona to Whitman-Crutcher II's aunt's house in Detroit, Michigan; the package was addressed to Whitman-Crutcher II's cousin. In addition to the drugs, the package also contained dryer sheets, in an attempt to evade law enforcement detection of the contents.

An undercover officer posed as a mail carrier and delivered the package to Whitman-Crutcher II's aunt's house. Unbeknownst to Rodgers and Whitman-Crutcher II, the drugs had been removed by law enforcement, and the package now contained non-controlled substances meant to resemble the methamphetamine and fentanyl which had been removed.

Whitman-Crutcher II's aunt took the package into her home. She received a call from Whitman-Crutcher II telling her to place the package back on the porch and that he was coming to get it; she did so. Whitman-Crutcher II and Rodgers then arrived in her neighborhood and engaged in approximately 30 minutes of counter-surveillance before stopping at her home. Rodgers went up to her porch, picked up the package, and was examining it when he suddenly threw it down and



ran back to the car, having noticed unmarked law enforcement vehicles approaching. Rodgers and Whitman-Crutcher II tried to flee and got into a collision with a law enforcement vehicle.

Rodgers had traveled from Arizona to Michigan to engage in drug trafficking with Whitman-Crutcher II. Whitman-Crutcher II provided Rodgers with a plane ticket to fly to Michigan in late December 2020. Rodgers used two phone numbers to communicate with Whitman-Crutcher II—805-XXX-8680 and 480-XXX-3118. Rodgers used the 805 number to receive tracking updates for the package, and to communicate with Whitman-Crutcher II regarding the package.

Whitman-Crutcher II believed that the package contained controlled substances, and had attempted to retrieve the package from his aunt's house so that he could gain possession of controlled substances and deliver them to another person or persons.

## 6.   Advice of Rights

The defendant has read the Second Superseding Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by

pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

7.    **Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

8.    **Safety Valve**

The parties agree that the defendant is not eligible for the safety valve in 18 U.S.C. § 3553(f).



9.    **Defendant's Guideline Range**

A.    **Court's Determination**

The Court will determine the defendant's guideline range at

sentencing.

B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offenses to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG



§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- A base offense level of 36 for possessing with intent to distribute at least 30,000 KG but less than 90,000 KG of Converted Drug Weight –§ 2D1.1(a)(5) and (c)(2)

The parties have no other recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 10.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

#### 2.    No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.



### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Forfeiture

Pursuant to 21 U.S.C. § 853, the defendant agrees to forfeit to the United States, any and all property that constitutes or is derived from

proceeds traceable to defendant's violations of Title 21, and/or property used, or intended to be used, to commit or facilitate the commission of such violations.

The defendant agrees to the prompt entry of one or more orders of forfeiture containing the property that is subject to forfeiture pursuant to 21 U.S.C. § 853, including a Preliminary Order of Forfeiture, upon application by the United States at, or any time before, his sentencing in this case.  The defendant agrees to sign such an order, indicating he consents to its entry if requested by the government. The defendant agrees that the forfeiture order shall become final as to defendant at the time it is entered by the court.

The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property that is subject to forfeiture pursuant to 21 U.S.C. § 853 to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.  If any other person or entity has any interest in such property, the defendant

will assist in obtaining a release of interest from any such other person or entity, and to deliver clear title to property that is subject to forfeiture pursuant to 21 U.S.C. § 853.

The defendant agrees not to contest, and agrees not to assist anyone else in contesting, any non-judicial and/or judicial forfeiture of property that is subject to forfeiture as a result of the defendant's Title 21 violation in this criminal case.

In entering into the foregoing agreement with respect to forfeiture, the defendant expressly waives his right to have any further determination regarding the forfeitability of the property identified above whether by judge, or by a jury under Rule 32.2 of the Federal Rules of Criminal Procedure. The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property may be part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this,

pursuant to Fed. R. Crim. P. 11(b)(1)(J) or otherwise, at the change-of-plea hearing.

The defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant further agrees to hold the United States of America, the Drug Enforcement Administration, and any other federal or local law enforcement agency involved in this matter, their agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

### F.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

### 11.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court,



the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 13.    Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

16.   **Scope of Plea Agreement**

This plea agreement is the complete agreement between the

parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the

guilty plea is entered in court. Thus, no oral or written promises made

by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the

extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer

or cooperation agreement, though, this plea agreement does not

supersede or abrogate the terms of that agreement. This plea

agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by

the United States or any other party.

17.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 4:00 p.m. on October 6, 2022. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Dawn N. Ison
United States Attorney


_____
Benjamin C. Coats
Chief, Drug Task Force
Assistant United States Attorney

_____
Paul A. Kuebler
Assistant United States Attorney

Dated: 9/22/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Stefanie Lynn Junttila
Attorney for Defendant

Dated: 10/10/22

_____
Jerell Leveine Whiman-Crutcher II
Defendant

10/10/22